J_iPLOTKIN, Judge.
In this appeal, the St. Bernard Parish Water and Sewer Commission challenges an election in which the Commission was abolished and the administration of the water and sewerage districts was transferred to the St. Bernard Parish government. Finding the election valid, we affirm.
Paragraph 7-09 D of the Home Rule Charter of St. Bernard Parish, which was approved by the voters of St. Bernard Parish, mandates that the parish government “effect an orderly transition of administration and operations of all water and sewerage districts into the new plan of government to insure uninterrupted service to the parish.” In compliance with the Home Rule Charter, the parish government, after obtaining an opinion from the Louisiana Attorney General, called a special election on Ordinance SBPC 267-04-96 on September 21, 1996. Ordinance SBPC 267-04 — 96 was summarized for the voters as follows:
IzSUMMARY: CHARTER AMENDMENT TO MERGE AND CONSOLIDATE WATER AND SEWER COMMISSION INTO THE PARISH; TO PROVIDE FOR ADJUSTMENT OF WATER AND SEWER RATES; AND TO MAKE THE PARISH COUNCIL THE GOVERNING AUTHORITY OF THE WATER AND SEWERAGE DISTRICT.
Prior to this election, the Water and Sewer Commission sought declaratory and injunc-tive relief which was denied on September 17, 1996. The special election was held as scheduled and Ordinance SBPC 267-04-96 passed by fifty-eight percent of the vote.[1] The Commission’s action for declaratory and injunctive relief was subsequently amended and ultimately heard as a post-election challenge. The trial judge dismissed the action after hearing the merits. The Commission appeals.
The Commission contends that the election is invalid because the parish government failed to provide a simple and unbiased concise summary of the substance of the proposition in violation of La. R.S. 18:1284(F)(1), because the parish government did not inform the voters of the amount of the Commission’s indebtedness as required by La. R.S. 18:1284(D), and because the parish government is without constitutional authority to displace the Commission.
The summary of the proposition is reproduced above. Additionally, the proposition provided:
A. Water & Sewer Commission. The St. Bernard Parish Water and Sewer Commission (the “Commission”) shall be consolidated and merged into the parish; the Commission shall be abolished and the parish shall assume all rights, revenues, resources, jurisdiction, authority, indebtedness and other obligations possessed by the Commission, including all of the Commission’s outstanding Water and Sewer Revenue Bonds, and Water and Sewer Revenue Refunding Bonds, which bonds are payable from the revenues of the water and sewer system (the “System”). The parish shall comply with all covenants, duties and obligations of the Commission *813 contained in the proceedings issuing the aforesaid revenue bonds.
laB. Rate Increases. The parish shall have the authority to make any adjustments to rates and charges for water and sewer services as may be reasonably necessary for the repayment of any bonds or other indebtedness payable from the revenues of the System and/or in connection with the operations of and improvements to the System, and it is expressly recognized that the provisions of Section 2-17(D) of this Charter shall not apply to such adjustments.
C. Water & Sewer Districts. Water District No. 1, Water District No. 2, Sewerage District No. 1 and Sewerage District No. 2 of the Parish of St. Bernard shall continue to exist as separate political subdivisions, however the council shall become the governing authority of each of said districts. Each said district shall retain all of the rights, revenues, resources, jurisdiction, authority, indebtedness and other obligations that it may have heretofore possessed, including specifically the authority to continue to levy the ad valorem taxes if any, currently being levied by each such district.
D. Effective Dates. In order to allow for an orderly transition and implementation hereof, the provisions of Section 7-10 shall become effective on November 1, 1996.
The trial judge found the language of the summary sufficiently clear. Both the summary and proposal clearly state that the Commission will be abolished and its function in administrating the water and sewerage districts transferred to the parish government. After reviewing Section La. R.S. 18:1284(F), the language at issue, and the jurisprudence, we find that the trial judge did not err in finding the ordinance sufficiently clear. This assignment of error is without merit.
Section 18:1284 (D) provides:
If the purpose of the election is to authorize the assumption of indebtedness, the resolution and the proposition submitted to the voters shall state the amount and nature of the debt to be assumed.
The language of the proposition provides clear notice to the voters that the parish government “shall assume all ... indebtedness and other obligations possessed by the Commission.” Under the circumstances of this case, this general notice is sufficient. The proposition informs the voters that the parish government will assume the outstanding bonds of the Commission. At the hearing, Mr. Drew Heaphy, Director of Finance for St. Bernard Parish Government, testified that the | Commission has outstanding revenue and general obligation bonds. The terms of the revenue bonds provide that any shortfall can only be offset by a revenue adjustment, i.e., by increasing user charges. The terms of the general obligation bonds provide that any shortfall can only be offset by increasing the ad valorem millage. Parish government general funds cannot be used to retire these bonds. Mr. Heaphy testified that the election made no change in the means by which the bonds could be repaid. The Commission offered no testimony to the contrary. Thus, the repayment of the bonds is in the nature of an in rem obligation, limited to certain sources of repayment. Under these facts, where the voters are neither directly impacted by increased liability for the repayment of the bonds, nor indirectly impacted by having the Parish or other political subdivision take on increased liability for the repayment of the bonds, then such general notice is adequate under La. R.S. 18:1284(D). If the assumption of the indebtedness were not of a nature akin to an in rem obligation, of if the assumption could otherwise impact the voters or a political subdivision in which they have an interest, greater specificity may be required. In this case, however, it is clear that the voters’ ultimate liability on the bonds is not altered by the election. Therefore, we find that the trial judge’s determination that the election complied with La. R.S. 18:1284(D) is supported by the record. This assignment of error is without merit.
Finally, the Commission contends that the parish government is without constitutional authority to assume administrative control of the water and sewerage district. The Louisiana Constitution gives ample power to a Parish governed by a Home Rule Charter to organize itself, and assume or abolish agencies and districts within its *814 boundaries. The Commission has provided no statute which prohibits the parish government from assuming the administration of the water and | ..¡sewerage districts after a vote of the people of the parish, assuming the election itself to be valid. This assignment of error is without merit.

AFFIRMED.

LOBRANO, J., concurs.

. The vote was 11,187 to 7,892 in favor of the ordinance.