Dear Ms. Rawls:
This office is in receipt of the request for an opinion in regard to the Planning Commission for Bossier City. You ask whether Bossier City, as a Home Rule Charter City, is compelled to abide by Act 189 of 1954, or does it have the option of adopting R.S. 33:101.
The title to Act 189 of 1954 states as follows:
 To provide for metropolitan planning in the City of Bossier City and that unincorporated part of Bossier Parish lying within five miles of the city of Bossier City and creation, organization, powers, and duties of a metropolitan planning commission; for the regulation of the subdivision of land in the metropolitan planning area, as defined herein; for the making and adoption of an official map or maps to preserve the integrity of the major street plan and other plans by the regulation of buildings in mapped streets' for the making and adoption of a zoning plan and zoning ordinance or ordinances; for the adoption of ordinances prescribing minimum construction, health, and sanitation standards to prevent the spread of slums and to encourage and assist public and private agencies, corporations, and individuals in the rehabilitation and redevelopment of blighted areas; and for the adoption of other plans, ordinances, and measures to effectuate the purposes of this Act.
By Ordinance No. 292 of 1955 the Police Jury for Bossier Parish created a planning commission pursuant to Act 189 of 1954 to be known as the Bossier City-Parish Metropolitan Planning Commission as did the City Council for the City of Bossier City by Ordinance No. 579 of 1955.
We find that this office rendered Atty. Gen. Op. 78-1088 in response to the question whether the authority of the Bossier City-Parish Metropolitan Planning Commission created under Act189 of 1954 was in conflict or repealed by Act 527 of 1978 which severely restricted the powers of the Commission concerning some property located outside the unincorporated area. After having recognized that where two laws conflict that the latest expression of the legislative will is controlling, it was stated, "Therefore, that section of Act 189 of 1954 giving the Bossier City-Parish Metropolitan Planning Commission extensive powers in an unincorporated area within five miles of the corporate limits of Bossier City will be repealed by Act 527." Atty. Gen. Op. No. 78-1088.
Following this conclusion that the provisions of Act 189 creating the Bossier City-Parish Metropolitan Planning Commission which were in conflict with later legislation relative to powers of Planning Commissions would be considered repealed, we would again hold that wherein Act 189 of 1954 conflicts with later general legislative provisions, it would have been repealed. Therefore, R.S. 33:101 et seq., as amended since 1954 would prevail over any conflict with Act 189 of 1954 as the latest expression of legislative will, and Bossier City would not be compelled to abide by Act 189 of 1954.
Moreover, in Atty. Gen. Op. No 80-912 this office was asked whether or not a home rule charter by municipalities serves to invalidate special legislative acts previously enacted relative to the structure of a municipality. In response it was observed that by a vote of the citizens of Monroe the Home Rule Charter was adopted which "would serve to effectively repeal special legislation previously enacted respecting the structure and organization of a municipality".
Therefore, we would state in answer to your first question that Bossier City, as a home rule charter city, is not compelled to abide by Special Act 189 of 1954.
With respect to your question whether Bossier City may choose to adopt R.S. 33:101, we find it pertinent to recognize La. Const., Art. 6, Sec. 5(E) provides as follows:
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision which may include the exercise of any power and performance of any functions necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Based upon this provision the court stated in Board ofCom'rs of St. Bernard Parish Water and Sewer Com'n v. St. BernardParish Gov't Through Ponstein, 682 So.2d 811 (La.App 1996), cert. denied, 681 So.2d 1253, that the Louisiana Constitution gives ample power to a parish governed by a Home Rule Charter to organize itself and assume or abolish agencies and districts within its boundaries.
Moreover, R.S. 33:103, "Planning commission; membership; appointment" provides by Act 699 of 1990 as follows in Paragraph (F):
 Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted here-in to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law.
Accordingly, we find that Bossier City council may choose to adopt R.S. 33:101 et seq., and thereby abolish the Municipal Planning Commission as enacted by special act of the legislature by Act 189 of 1954.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR