Dear Mayor Jacobs:
This office is in receipt of your request for an opinion of the Attorney General in regard to validity of the amendment to the Donaldsonville Home Rule Charter so as to terminate the elected commissioners from each heading one of the city departments, department of utilities, public works and parks and recreation. You indicate the Legislature authorized in 1910 the commission form of government, now R.S. 33:501 et seq, and the Donaldsonville Home Rule Charter provided for the same. A five member commission council consisted of a mayor and commissioner of finance who were elected at large and three commissioners elected from districts. Each of the three elected commissioners headed one of the city departments. After January 1, 2001, the Home Rule Charter, while still providing for a commission form of government was amended so that the various commissioners no longer headed municipal departments. The departments were abolished and the supervision became a part of the mayor's duties as a full time mayor.
You ask the following:
 Is it legal for a Home Rule Charter City, like Donaldsonville, to adopt a commission form of government (RS. 33:501 at seq.) on the one hand, and, on the other hand, strip several commissioners of their "department heading" and other responsibilities as required by R.S. 33:501 et seq?
In Atty. Gen. Op. 93-154 this office recognized the statutory provisions of R.S. 33:501 through R.S. 33:571 are applicable to municipalities that at their option adopt the commission form of government. It was concluded that R.S. 33:562 pertained exclusively to municipalities that were organized under the commission form of government, but not to municipalities that operate pursuant to a home rule charter, special legislative acts, the Lawrason Act, or the Commission-City manager form of government.
We do not find the statement in the Home Rule Charter that the Municipal Government "shall be known as the `commission' form of government", mandates that it comply with the statutory provisions of R.S. 33:501 et seq.
We note the earlier charter provided in Article I, Sec. 1-03 follows:
 The municipal government provided by this home rule charter shall be known as the "commission" form of government. It shall consist of the following elected officials: a mayor who shall be chief executive and serve ex-officio as commissioner of public safety, a commissioner of finance, a commissioner of public works, a commissioner of utilities and commissioner of parks and recreation.
Article III, Administration, Sec. 3-01 had provided that at its first regular meeting the council would appoint by a favorable vote each of the three commissioners elected by a district to one of the following positions, commissioner of public works, commissioner of utilities and commissioner of parks and recreation. These provisions are consistent with R.S. 33:532.
The electorate adopted changes effective January 1, 2001 and Art. I, Sec 1-03 now provides:
 The Municipal Government provided by this Home Rule Charter shall be known as the "commission" form of government. It shall consist of the following elected officials: a mayor, who shall be chief executive, a commissioner of finance, and three (3) commissioners elected by respective districts.
Article III, Administration, Sec 3-01 now sets forth the duties of the mayor and provides that he shall have the power, duty and responsibility "to supervise and direct the administration and operation of all municipal departments, offices, and agencies, and conformities with ordinances adopted by the council and with applicable provisions of state law."
Sec. 1-05 provides now, as it did previously, the following:
 Except as otherwise provided by this charter, the city shall continue to have all the powers, rights, privileges, immunities and authority heretofore possessed by the city under the laws of the state, including but not limited to Louisiana Revised Statutes, Title 33:501-571, as amended. * * * (Emphasis added.)
We note in Atty. Gen. Op 78-1612 that the City of Shreveport was governed by a Commission Plan of Government as sanctioned by the Constitution of 1921, but the people of Shreveport adopted a city charter in May, 1978. This office observed that the Constitution of 1974 authorized that each Home Rule Charter be given latitude to provide for any organizational structure necessary to manage the affairs of the municipality, and this office found there was nothing in the Constitution prohibiting the reestablishing of the appointive power from the city council to the mayor, nor was there any prohibitive general state law in the area to prevent the the city charter from giving the mayor this power.
This is consistent with Board of Com'rs of St. Bernard Parish Water andSewer Com'n v. St. Bernard Parish Gov't, 682 So.2d 811 (La.App 4th Cr. 1996), where it was observed that the Constitution gives ample power to a parish governed by a Home Rule Charter to organize itself and assume or abolish agencies and districts within its boundaries.
This is reflected in Article 6, Section 5, La. Const., wherein it provides as follows:
 (E) Structure and Organization; Powers; Functions. A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
We must conclude that the government of Donaldsonville under a Home Rule Charter as amended after vote of the electorate, can organize itself so as to abolish directives for the commission form of government set forth in R.S. 33:523 and R.S. 33:532. Moreover, insofar as the Charter is not in accord with the statutory provisions for the commission form of government, we note that the present provisions of the Charter, as well as the old Charter, clearly provides "except as otherwise provided by this charter", the city would have all authority under the laws of the state, "including but not limited to Louisiana Revised Statutes, Title33:501-571, as amended", and have authority to exercise any power "not denied by this charter, or by general law, or inconsistent with the constitution."
While the Charter designates the election of three commissioners elected by respective districts, it no longer designates a commissioner be named as commissioner for public works, for utilities and for park and recreation commissions, giving the mayor supervision of all departments. Although this does not conform to the commission form of government under R.S. 33:501, we do not find that the Charter mandates such conformity by stating that the government would be known as the "commission" form of government.
We find support for this conclusion when the Charter is read as a whole, and particularly wherein it provides that the city shaft have authority "to exercise any power and perform any function necessary, requisite or proper for the management of the city, not denied by this charter, or by general law, or inconsistent with the constitution."
We hope this sufficiently answers your inquiries, but if we can be of further assistance do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr